IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RANDY MORELAND, also known as RANDALL ELLSWORTH MORELAND,<br><br>    Petitioner,<br><br>v.<br><br>United States of America,<br><br>    Respondent. | Case Nos.   CV-07-208-E-BLW<br>                  CR-95-93-E-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Petitioner's Motion to Correct Sentence Pursuant to Federal Rule of Civil Procedure 60(b)(6) construed as a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Docket No. 1) and Motion for Leave to Proceed in Forma Pauperis (Docket No. 2). The Court did not direct the Government to file a response. Having reviewed the record, and being otherwise fully informed, the Court enters the following Order.

## BACKGROUND

Petitioner ("Moreland") pled guilty to one count of manufacture of methamphetamine in violation of 21 U.S.C. § 841(a)(1), one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1),

Order - 1

and one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). Moreland was found to be a career offender as defined by USSG § 4B1.1. On April 16, 1996, the Court imposed a sentence of 180 months based on a guideline range of 151 to 188 months. Docket No. 40. On July 21, 1997, the Ninth Circuit affirmed Moreland's conviction and sentence. Docket No. 46.

It appears that the Court neglected to specify that the sentence on the firearm charge alone was 120 months and was to run concurrently with the sentence of 180 months on each of the drug counts thus leaving the impression with Moreland that the sentence on the firearm charge was 180 months.

## DISCUSSION

Moreland filed his Rule 60(b)(6) motion alleging that the 180-month sentence exceeded the statutory maximum of ten years for the firearm charge. He alleges he discovered this after the Bureau of Prisons ("BOP") denied him a sentence reduction for completion of the Residential Substance Abuse Program (DAP). According to Moreland, BOP denied the sentence reduction because he is still serving a sentence for the firearm charge. He asks the Court to correct the sentence to reflect that the sentence on the firearm charge was ten years so he can qualify for early release.

Rule 60(b)(6) is the catch-all provision for relief from a judgment for "any

other reason justifying relief from the operation of the judgment" not covered by any of the other provisions in Rule 60(b).  Fed. R. Civ. P. 60(b).  However, because Moreland is challenging the legality of his sentence, the motion should have been brought under 28 U.S.C. § 2255.

On the other hand, reading the motion as a whole, it appears that Moreland is more concerned with BOP's failure to reduce his sentence than on the legality of the sentence.  In that respect, his motion should be considered as a motion under 28 U.S.C. § 2241.  However, regardless of its designation, the motion is denied.

### A.     Fed. R. Civ. P. 60(b)(6)

Rule 60(b)(6) is used "sparingly and as an equitable remedy to prevent manifest injustice."  *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).  A motion under Rule 60(b)(6) must be brought within a reasonable time.  Fed. R. Civ. P. 60(b).  Even if Rule 60 were the proper vehicle for challenging a criminal sentence, given that judgment was entered over eleven years ago, Moreland would not be entitled to relief absent a showing that extraordinary circumstances prevented him from filing the motion in a timely manner.  *Hamilton v. Newland*, 374 F.3d 822, 825 (9th Cir. 2004).

B.     28 U.S.C. § 2255

Motions filed pursuant to 28 U.S.C. § 2255 must be filed within one year of "the date on which the judgment of conviction becomes final." Because Moreland appealed his sentence, his conviction became final on October 21, 1997 (i.e. ninety days after the Ninth Circuit's judgment was entered). *See United States v. Garcia*, 210 F.3d 1058, 1060-61 (9th Cir. 2000). Therefore, Moreland had until October 21, 1998, to file a § 2255 motion. Moreland, however, did not file his motion until May 3, 2007, almost nine years after the deadline passed. Absent a showing that his Motion was timely or that *extraordinary circumstances beyond his control* made it impossible for him to file his Motion on time, Moreland's motion would be subject to dismissal. *See United States v. Marolf*, 173 F.3d 1213, 1218 n.3 (9th Cir. 1999).

The Court recognizes that although it can raise the statute of limitations *sua sponte*, it cannot dismiss the proceeding without first giving a defendant notice that his motion would be subject to dismissal as untimely and an opportunity to respond as required by *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001). However, to do so here would be an exercise futility. Even if Moreland could make the requisite showing, he would not prevail on the merits. Although it is preferable for a court to specify the sentence on each separate count of a multi-count conviction,

Order - 4

a sentence will be upheld if it does not exceed the statutory maximum of the count with the longest statutory maximum. *See United States v. Batimana*, 623 F.2d 1366, 1370-71 (9th Cir. 1980). Here, Moreland's sentence of 180 months did not exceed the statutory maximum of thirty (30) years for the drug counts.

### C. 28 U.S.C. § 2241

Filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 is the appropriate procedure for challenging the manner, location, or condition under which a sentence is executed. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 1999). A § 2241 petition must be filed in the custodial court which is the court in the district in which a defendant is serving his sentence. *Id.* Because Moreland is serving his sentence in Colorado, the District of Idaho is not the proper district for challenging BOP's denial of a sentence reduction. A sentencing court may transfer a § 2241 proceeding to the custodial court. However, the Court declines to do so given the apparent lack of merit of Moreland's claim. The Supreme Court has upheld the discretion of BOP to deny early release to prisoners convicted of felonies involving carrying, possession, or use of a firearm. *See Lopez v. Davis*, 531 U.S. 230 (2001). Even without the firearm conviction, BOP may deny Moreland early release because his drug offenses involved possession of a firearm. *See Martin v. Rios*, 472 F.3d 1206 (2007). Should Moreland nevertheless wish to

challenge BOP's determination or policy, he should file a § 2241 petition in the United States District Court for the District of Colorado.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Correct Sentence Pursuant to Federal Rule of Civil Procedure 60(b)(6) construed as a Motion Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Docket No. 1) is DENIED.

IT IS FURTHER HEREBY ORDERED that Case No. CV-07-208-E-BLW is DISMISSED with prejudice.

IT IS FURTHER HEREBY ORDERED that Defendant's Motion for Leave to Proceed in Forma Pauperis (Docket No. 2) is MOOT.



DATED: **August 27, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge